

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00069-CR

RONNIE RAY BLAKE, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27504

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Ronnie Ray Blake, Jr., was sentenced to ten years' imprisonment for the offense of driving while intoxicated, third or more. That sentence was suspended in favor of ten years' community supervision. Blake's community supervision was subsequently revoked, and he was sentenced to five years' imprisonment. In connection with the judgment revoking community supervision, Blake and his attorney signed a "Waiver of Rights to Appeal Community Supervision Revocation," which stated,

> I, RONNIE RAY BLAKE, JR., Defendant in the above-entitled and numbered cause, having been convicted of the offense of DRIVING WHILE INTOXICATED 3RD OR MORE and sentenced therein, hereby expressly state as a fact that I have been fully informed by the Judge of this Court and by my attorney, and I know, that I have the legal right of appeal from this conviction to the Court and by my attorney, and I know, that I have the legal right of appeal from this conviction to the Court of Appeals of Texas, and also the right to be represented on appeal by an attorney of my own choice, or if I am too poor to pay for such an attorney or the record on appeal, the Court will, without expense to me, provide me with such an attorney and a proper record for such an appeal.

> With full understanding of the above, I hereby in open court state that I do not desire to appeal and expressly waive any appeal in this case, and I hereby accept as final the judgment of conviction and sentence herein and I request that I be allowed to commence serving the same without further delay, and I also in open court expressly waive the filing of a Motion for New Trial as well as any Motion in Arrest of Judgment.

Blake clearly waived his right of appeal, which deprives this Court of jurisdiction over this attempted appeal, and the trial court's certification confirms Blake's waiver of his rights.

On July 20, 2021, we informed Blake of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. On July 29, 2021, appointed counsel for Blake requested additional time to file a response to this

2

Court's July 20 letter. We permitted counsel additional time in which to file a response. We have since received the response, which does not resolve the jurisdictional defect that prevents us from hearing this appeal.

Blake has no right of appeal as a result of his explicit, written waiver of that right. We, therefore, dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted        September 13, 2021
Date Decided          September 14, 2021

Do Not Publish

3